The Honorable George Hopkins State Senator Route One, Box 488 Donaldson, Arkansas 71911
Dear Senator Hopkins:
This is in response to your recent opinion request regarding the constitutionality of House Bill 1052. The answer to your question turns largely upon language contained in Amendment 55 to the Arkansas Constitution. Although there is no case law specifically on point, my reading of Amendment 55 and the few court opinions in this gray area leads me to conclude that H.B. 1052 would in all likelihood be deemed unconstitutional upon judicial review.
Section 5 of Amendment 55 states that "fees of the office shall not be the basis of compensation for officers or employees of county offices." The obvious question, therefore, is whether Justices of the Peace qualify as county officers or employees within the meaning of this provision.
Amendment 55 was enacted as a means of conferring legislative authority on the local level. Section 1(a) provides that the County, acting through its Quorum Court, "may exercise local legislative authority not denied by the Constitution or by law." The Quorum Court is comprised of Justices of the Peace who represent, approximately an equal number of the county residents. The expansive powers of the Quorum Court include the power to adopt ordinances necessary for the government of the county, the ability to override the veto of a County Judge by a three-fifths vote, and the authority to fix the number and compensation of deputies and county employees.
The fact that the Quorum Court acts for and represents the County in all these respects leads to the conclusion that its members, the Justices of the Peace, qualify as officers of the County for purposes of 5 of Amendment 55. There are, additionally, several other factors leading to this conclusion.
Ark. Stat. Ann. 17-4202 (Repl. 1980) sets the compensation of the Justices of the Peace acting in their legislative and judicial capacities. Section 17-4202(3) states:
 No Justice of the Peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the Quorum Court for any services performed within the county, other than as provided in this Act.
This provision, which was enacted subsequent to Amendment 55, indicates that Justices of the Peace are considered county employees for compensation purposes.
The case of Bahil v. Scribner, 265 Ark. 834, 581 S.W.2d 334
(1979) should also be noted in this regard. The Supreme Court held in that case that delinquent tax collectors are "county officers or employees" within the meaning of Amendment 55, thus prohibiting them from collecting fees of the office as compensation. The Court took a pragmatic approach to the issue, emphasizing the "mutual relationship" between the county collector and county clerk's office. 265 Ark. at 838. The Court noted, among other things, that the tax collectors "are appointed by the Board for `its respective county,'" Id. The factors considered in that case are likely to lead a court to similarly conclude that Justices of the Peace are "county officers or employees" within the meaning of 5 of Amendment 55.
The Supreme Court in Venhaus v. State Ex. Rel. Lofton, 285 Ark. 23,684 S.W.2d 252 (1985) ruled that the Quorum Court is without discretion to set the expenses of State courts, based upon the distinction between "local matters" and matters involving the State. The Court held, in essence, that circuit court probation officers are not county employees, but rather are employees of a State court. There can be no doubt, following this rationale, that the compensation of Justices of the Peace is a "local matter" controlled at the County level in accordance with Amendment 55.
I therefore conclude, based upon the foregoing, that H.B. 1052 is contrary to Amendment 55 to the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.